UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DEC -2 PM 3: 26
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 2:08-cr-14-WTL-CMM |
| VICKI SHAW, | ) | -01 |
| FREDERICK L. DOUGLAS, | ) | -02 |
| JASON SHAW, | ) | -03 |
| DAVID LINDSAY, | ) | -04 |
| GEORGE HALL, | ) | -05 |
| DEWAYNE PHELPS, | ) | -06 |
| TODD HATHAWAY, | ) | -07 |
| JEREMIAH CORBIN, | ) | -08 |
| JAMES CHAMBERS, | ) | -09 |
| HUGH DEAN, and | ) | -10 |
| STEVE SWAYZE, | ) | -11 |
| Defendants. | ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

Beginning in or around July 23, 2008, the exact date being unknown to the Grand Jury, and continuing up to and including December 2, 2008 in the Southern District of Indiana, Terre Haute Division, and elsewhere, VICKI SHAW, FREDERICK L. DOUGLAS, JASON SHAW, DAVID LINDSAY, GEORGE HALL, DEWAYNE PHELPS, TODD HATHAWAY, JEREMIAH CORBIN, JAMES CHAMBERS, HUGH DEAN, and STEVE SWAYZE, defendants herein, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECT OF THE CONSPIRACY

The charged conspiracy had the following object:

1. The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

## MANNER AND MEANS

1. VICKI SHAW, a resident of Terre Haute, Indiana acquired large amounts of methamphetamine from sources of supply in Indianapolis, Indiana and Arizona for distribution in the Terre Haute area.

2. FREDERICK DOUGLAS transported methamphetamine from Indianapolis and Arizona to Terre Haute for VICKI SHAW.

3. VICKI SHAW distributed the methamphetamine to other individuals in the Terre Haute area for redistribution. The individuals who distributed methamphetamine for VICKI SHAW included FREDERICK DOUGLAS, JASON SHAW, DAVID LINDSAY, GEORGE HALL, DEWAYNE PHELPS, TODD HATHAWAY, JEREMIAH CORBIN, JAMES CHAMBERS, HUGH DEAN, and STEVE SWAYZE.

4. Throughout the conspiracy, the defendants used telephones to facilitate the methamphetamine trafficking operation. The defendants spoke on telephones using code language to discuss their methamphetamine trafficking operation.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, that is to distribute methamphetamine, the members of the conspiracy did commit, among others, the following overt acts:

1. On or about July 28, 2008, VICKI SHAW delivered approximately two ounces of methamphetamine to an individual known to the Grand Jury ("Individual #1").

2. On or about August 28, 2008, VICKI SHAW delivered approximately one ounce of methamphetamine to Individual #1.

3. On or about October 21, 2008, DOUGLAS possessed approximately 3.4 pounds of methamphetamine in Gray County, Texas.

4. On or about November 1, 2008, JASON SHAW and VICKI SHAW traveled from Terre Haute to Indianapolis to obtain methamphetamine from VICKI SHAW's methamphetamine source. VICKI SHAW carried a firearm with her to the meeting.

5. On or about November 6, 2008, HATHAWAY possessed a quantity of methamphetamine for distribution.

6. On or about November 9, 2008, CHAMBERS obtained a quantity of methamphetamine from VICKI SHAW for redistribution.

7. On or about November 11, 2008, CORBIN obtained a quantity of methamphetamine from VICKI SHAW for redistribution.

8. On or about November 14, 2008, SWAYZE obtained a quantity of methamphetamine from VICKI SHAW for redistribution.

9. On or about November 16, 2008, DEAN sent another individual to VICKI SHAW's residence to obtain methamphetamine for DEAN for distribution.

10. On or about November 20, 2008, HALL possessed approximately four (4) ounces of methamphetamine that he had received from VICKI SHAW for redistribution.

11. On or about November 20, 2008, PHELPS possessed approximately two (2) ounces of methamphetamine that he had received from VICKI SHAW for redistribution.

12. On or about November 24, 2008, LINDSAY possessed approximately three (3) ounces of methamphetamine that he had received from VICKI SHAW for redistribution.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The Grand Jury further charges that:

On or about July 28, 2008, within the Southern District of Indiana, Terre Haute Division, VICKI SHAW, the defendant herein, did knowingly distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

The Grand Jury further charges that:

On or about August 28, 2008, within the Southern District of Indiana, Terre Haute Division, VICKI SHAW, the defendant herein, did knowingly distribute five (5) grams or more of methamphetamine (actual), a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

The Grand Jury further charges that:

On or about November 20, 2008, within the Southern District of Indiana, Terre Haute Division, GEORGE HALL, the defendant herein, did knowingly possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

The Grand Jury further charges that:

On or about November 20, 2008, within the Southern District of Indiana, Terre Haute Division, DEWAYNE PHELPS, the defendant herein, did knowingly possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

The Grand Jury further charges that:

On or about November 24, 2008, within the Southern District of Indiana, Terre Haute Division, DAVID LINDSAY, the defendant herein, did knowingly possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE

1. The allegations in Counts One through Six of this indictment are realleged as if fully set forth here, for the purpose of giving the defendants notice of the United States' intent to seek forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

2. If convicted of any of the offenses set forth in Counts One through Six, VICKI SHAW, FREDERICK L. DOUGLAS, JASON SHAW, DAVID LINDSAY, GARY HERMAN, GEORGE HALL, DEWAYNE PHELPS, TODD HATHAWAY, JEREMIAH CORBIN, JAMES CHAMBERS, HUGH DEAN, and STEVE SWAYZE, defendants herein, shall forfeit to the

United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted. Such property includes, but is not necessarily limited to, the following specific items:

3. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraph 2, if, by any act or omission of the defendants, the property described in paragraph 2, or any portion thereof:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of all forfeitable property as described above in Paragraph 2.

4. If convicted of any of the offense set forth in this indictment, VICKI SHAW, FREDERICK L. DOUGLAS, JASON SHAW, DAVID LINDSAY, GARY HERMAN, GEORGE HALL, DEWAYNE PHELPS, TODD HATHAWAY, JEREMIAH CORBIN, JAMES CHAMBERS, HUGH DEAN, and STEVE SWAYZE, defendants herein, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any of the

offenses of which he or she is convicted.

A TRUE BILL:

FOREPERSON

TIMOTHY M. MORRISON
United States Attorney

By: Bradley A. Blackington
Assistant United States Attorney